[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #104
I. FACTS
On January 11, 1993, Vincent Constantino, individually, and Deborah Constantino, individually and as mother and next friend of her minor daughter Tara Constantino, filed a one count complaint against the defendant Hanover Insurance Company. The plaintiffs allege that defendant issued an automobile insurance policy to the plaintiffs, covering a period including November 17, 1989. The policy allegedly provided underinsured motorist coverage for the plaintiffs in the amount of five hundred thousand dollars.
The plaintiffs allege that on November 17, 1989, Deborah and Tara Constantino were riding in a car operated by Deborah Constantino that was involved in an accident with a CT Page 6002 car owned and operated by John McSweegan. McSweegan allegedly had a liability insurance policy with a underinsured motorist limit of one hundred thousand dollars. Plaintiffs also allege that they have incurred personal injuries in an amount totalling in excess of one hundred thousand dollars.
Plaintiffs allege that they nave filed a claim under the policy they have with the defendant because the McSweegan vehicle was underinsured. Defendant has allegedly refused to pay damages to the plaintiffs under the underinsured motorist provision of the plaintiffs' policy. Defendant filed an answer to plaintiffs' complaint on March 29, 1993.
Plaintiff Deborah Constantino filed a motion for summary judgment, a memorandum in support of the motion, and supporting documentary evidence on March 10, 1993. Included in the documentary evidence was the affidavit of Deborah Constantino, a copy of the police report of the relevant accident, and a copy of the deposition testimony of McSweegan. The defendant filed a memorandum in opposition to plaintiffs' motion on March 25, 1993.
II. DISCUSSION
The test for a summary judgment motion is "whether a party would be entitled to a directed verdict on the same facts." (Citation omitted). Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."
In deciding a summary judgment motion "the trial court must view the evidence in the light most favorable to the non-moving party." (Citation omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991). The documents that should be filed with a motion for summary judgment "includ[e] but [are] not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like . . . [and] [t]he adverse party . . . shall file opposing affidavits and other available documentary evidence." Practice Book Sec. 380. CT Page 6003
The plaintiffs assert that there is no genuine issue of material fact with respect to the liability of the defendant because under the underinsured motorist provision of their insurance policy defendant must pay their damages. Therefore, the plaintiffs have moved for summary judgment on the issue of liability alone.
The defendant contends that the pleadings, affidavits and other documentary evidence submitted by the plaintiffs do not establish all of the material facts necessary to sustain a claim for underinsured motorist coverage. Rather, the defendant maintains, in its memorandum in opposition to the plaintiffs' motion for summary judgment, that the plaintiffs have failed to provide any evidence of the following: (1) that the McSweegan vehicle had insurance liability limits of only one hundred thousand dollars (Paragraph 6 of the complaint); (2) that the McSweegan vehicle is an underinsured motor vehicle (Paragraph 7 of the complaint); and (3) that plaintiffs have complied with all of the applicable provisions of their insurance policy with the defendants.
Under Connecticut General Statutes Sec. 38-336 (d), an underinsured motor vehicle is defined as:
 [A] motor vehicle with respect to which the sum of the limits of liabilities under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made.
Covenant Insurance Co. v. Coon, 220 Conn. 30, 32, n. 4,594 A.2d 977 (1991), citing General Statutes Sec. 38-336(d). In the instant case the plaintiffs have failed to establish that there is no genuine issue of material fact as to whether McSweegan's vehicle had insurance liability limits of only one hundred thousand dollars. In support of their motion for summary judgment, the plaintiffs filed the affidavit of Deborah Constantino, a copy of a police report, and a copy of the deposition testimony of McSweegan. Nowhere in these documents is there evidence, such as an affidavit of McSweegan's insurer, or a copy of his policy or a release, that McSweegan's vehicle had underinsured motorist coverage CT Page 6004 limits of only one hundred thousand dollars. Accordingly, it is decided that plaintiffs have failed to prove, in their supporting documentation, that the other vehicle involved in the accident was, in fact, an underinsured motor vehicle.
Additionally, it is found that plaintiffs have failed to offer proof that they have complied with all of the provisions of their insurance policy with the defendant. As the plaintiffs did not attach a copy of the relevant insurance policy to their complaint or submit a copy of the policy with their motion, it is impossible to determine what provisions of the policy the plaintiffs were required to follow, much less whether they actually did comply with such provisions.
III. CONCLUSION
For the reasons herein stated it is concluded that as genuine issues of material fact remain in dispute that the plaintiffs' motion for summary judgment ought to be and is hereby denied.
It is so ordered.
ARENA, J.